1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEE ALEXANDER HARRIS,                    No.  2:21-cv-1882-SCR

12                   Plaintiff,

13          v.                                  ORDER

14    COMMISSIONER OF SOCIAL
      SECURITY,
15

16                   Defendant.

17

18          Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner") denying her application for benefits under the Social Security Act.  On July

20    20, 2022, pursuant to the parties' stipulation, Magistrate Judge Deborah Barnes remanded this

21    action to the Commissioner for further proceedings.  ECF Nos. 8-9.  On remand, Plaintiff was

22    awarded past benefits of $133,661.90.[1]  ECF No. 15-1 at 1-2.

23          Now pending before the court is Plaintiff's motion for an award of attorney's fees

24    pursuant to 42 U.S.C. § 406(b).  ECF No. 15.  Pursuant to the Court's minute order, Plaintiff's

25    counsel subsequently submitted additional information relevant to determining a reasonable rate.

26    ECF Nos. 20-21.  The Commissioner has filed a statement that he "neither supports nor opposes

27

28    [1] The Notice of Award states that $33,415.48 of the past-due benefits was being withheld "to pay
      your representative."  ECF No. 15-1 at 2.

                                                1

Counsel's request for attorney's fees." ECF No. 18 at 3. The Commissioner requests that the order direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the Equal Access to Justice Act (EAJA). *Id.* For the reasons set forth below, the Motion will be granted, as will the Commissioner's request.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement for 25% of past due benefits awarded. ECF No. 15-3. Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $8,250, which represents less than 25% of the $133,661.90 in retroactive disability benefits awarded to Plaintiff on remand. ECF No. 15 at 4; ECF Nos. 15-1, 15-3.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting *Gisbrecht,* 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

to review for reasonableness fees yielded by those agreements"). "Within the 25 percent

boundary…the attorney for the successful claimant must show that the fee sought is reasonable

for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable

fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

*Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

   In determining whether the requested fee is reasonable, the court considers "'the character

of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d

at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is

warranted, the court considers whether the attorney provided "substandard representation or

delayed the case," or obtained "benefits that are not in proportion to the time spent on the case."

*Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular

hourly billing charge for non-contingent cases. *See Crawford*, 586 F.3d at 1151-52 (citing

*Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court

considers "the time and labor required"). Below, the court considers these factors in assessing

whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

   Here, Plaintiff's counsel secured a successful result for Plaintiff. Counsel has billed for a

total of 5.5 hours through the fall of 2022. ECF No. 15-2. There is no indication that a reduction

of fees is warranted due to any substandard performance by counsel. There is also no evidence

that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court

finds that the $8,250 fee, which does not exceed 25% of the amount paid in past-due benefits to

Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the

court recognizes the contingent fee nature of this case and counsel's assumption of the risk of

going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d

at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that

no benefits would be awarded or that there would be a long court or administrative delay in

resolving the cases").

////

Counsel has submitted a billing statement in support of the requested fee. ECF No. 15-2. The Court finds that the amount of time expended (5.5 hours) is reasonable. Counsel for Plaintiff correctly notes that the requested $8,250 fee reflects an hourly rate of $1,500. ECF No. 15 at 4. This rate is significant and is approaching what could be categorized as a windfall amount, particularly when compared to a sampling of recent rates approved in this District. *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864). However, Plaintiff's counsel served as a Social Security Administrative Law Judge ("ALJ") for twelve years, ten of which he also spent as a Chief ALJ for various regions. ECF No. 21 at 1-2. His experience does support the requested rate, particularly when courts have approved higher effective rates. *See Timothy M. v. Commissioner*, 2023 WL 1071604 (D. Oregon Jan. 27, 2023) (effective rate of $1,863); *Tristan v. Commissioner*, 2023 WL 6129832 (E.D. Cal. Sept. 19, 2023) (effective rate of $1,580).

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's attorney was previously awarded $1,100.00 in EAJA fees pursuant to parties' stipulation. *See* ECF Nos. 12-13. Counsel therefore must remit that amount to Plaintiff.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for attorney fees under 42 U.S.C. § 406(b) (ECF No. 15), is GRANTED;

2.  Counsel for Plaintiff is awarded $8,250 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

1    3.  Counsel for Plaintiff is directed to remit to Plaintiff the amount of $1,100 for EAJA

2    fees previously paid to counsel by the Commissioner.

3         SO ORDERED:

4    DATE: November 10, 2025

5

6    _____
     SEAN C. RIORDAN
7    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28